Quarles & Brady LLP
Firm State Bar No. 00443101
One South Church Avenue
Suite 1700
Tucson, AZ 85701-1621
TELEPHONE 520.770.8700

Attorneys for Plaintiffs
Dale F. Regelman (AZ Bar #014618)
Dale.Regelman@Quarles.com
Deanna Conn (AZ Bar No. 015676)
Deanna.Conn@Quarles.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua S. Rosenfield; and JLab Audio, LLC, an Arizona corporation, | NO. |
| Plaintiffs, | **COMPLAINT FOR PERMANENT INJUNCTION, FALSE DESIGNATION OF ORIGIN PURSUANT TO LANHAM ACT, AND DAMAGES FOR PATENT INFRINGEMENT** |
| vs. | |
| Accessory Power, Bright Ideas, Inc., a California corporation; The Electronic Express, Inc., a Tennessee corporation; and Bytech Ny, Inc., a New York corporation, | **JURY DEMAND** |
| Defendants. | |

For their Complaint, Plaintiffs Joshua S. Rosenfield and JLab Audio, LLC

("Plaintiffs"), by their attorneys, Quarles & Brady, LLP, allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement pursuant to Title 35 of the United

States Code by Joshua S. Rosenfield and JLab Audio, LLC for infringement of U.S.

Patent No. D531,168.

1          **THE PARTIES**

2          2.      Joshua S. Rosenfield ("Rosenfield") is an individual having his primary

3    residence in Tucson, Arizona.

4          3.      JLab Audio, LLC ("JLab") is a corporation organized under the laws of the

5    state of Arizona, which maintains a regular place of business at 75 N. Park Avenue,

6    Tucson, Arizona 85719.

7          4.      On information and belief, Accessory Power, Bright Ideas, Inc. ("Accessory

8    Power") is a corporation organized under the laws of California, with a principal place of

9    business at 31352 Via Colinas, Westlake Village, California 91362.

10          5.      On information and belief, The Electronic Express, Inc. ("Electronic

11    Express") is a corporation organized under the laws of Tennessee, with a principal place

12    of business at 2627 Grandview Avenue, Nashville, Tennessee 37211.

13          6.      On information and belief, Bytech Ny, Inc. ("Bytech") is a corporation

14    organized under the laws of the state of New York, with its principal place of business at

15    2585 West 13th Street, Brooklyn, New York 11223, also doing business as Bi Tech,

16    ByTech, and Bytech International.

17          **JURISDICTION AND VENUE**

18          7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C.

19    §§ 1331 and 1338, and the United States Patent Laws, Title 35 of the United States Code,

20    35 U.S.C. §§ 1 et seq., and the Lanham Act set forth in Title 15 U.S.C. § 1051.

21          8.      This Court has personal jurisdiction over Accessory Power, Electronic

22    Express, and Bytech (collectively, "Defendants") because the products that are infringing

23    are advertised over the internet and are placed into the stream of commerce for sale and

24    distribution within this judicial district, and because some or all of the acts or events

25    giving rise to this action occurred in this judicial district.

26          9.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

27

28

## FACTUAL ALLEGATIONS

10.    On October 31, 2006, the U.S. Patent and Trademark Office (USPTO) issued U.S. Patent No. D531,168 ("the '168 patent") attached hereto as Exhibit A.

11.    Rosenfield is the sole inventor and owner of the entire right, title, and interest in the '168 patent entitled COMPUTER SPEAKER ASSEMBLY.  The '168 patent is still in force and effect and is presumed valid under U.S. patent laws.

12.    JLab is the sole and exclusive licensee of the '168 patent.

13.    JLab has been selling a USB speaker on a flex cable, protected by the '168 patent and appropriately marked, in Arizona and elsewhere in the USA, under the name B-Flex ("B-Flex"), and has continuously used in commerce a trademark DeepBass$^{TM}$ displayed on the B-Flex product (collectively, the "Marks").

14.    Patent marking of JLab's B-Flex product is shown in Exhibit B attached hereto.

15.    Bytech has been manufacturing and/or importing and selling products protected by the '168 patent that are advertised over the internet and that are available for sale in Arizona and worldwide, under the name Case Logic Travel USB Speaker ("Travel USB Speaker").  Images of a retail packaging used by Bytech when selling, manufacturing and/or importing the infringing product, as well as the website of Bytech, www.bytechintl.com, are attached hereto as Exhibit C.

16.    Accessory Power has been selling products protected by the '168 patent that are available for sale in Arizona and worldwide under the name Accessory Genie, which bear JLab's Marks.  Print-outs from the Accessory Power's website, www.accessorygenie.com and www.amazon.com through which the infringing product is advertized as Accessory Genie, retrieved on August 13, 2010, including pictures of and descriptions of the infringing computer speaker, are attached hereto as Exhibit D.

17.    Electronic Express has been selling products protected by the '168 patent that are available for sale in Arizona and worldwide on www.amazon.com.

18.     An element by element comparison of the ornamental design protected by the '168 patent and the Travel USB Speaker indicates that the Travel USB Speaker infringes the '168 patent.

19.     The language used by Bytech and Accessory Power for advertisements of the infringing products repeats verbatim some of the language used in advertisements by JLab on its web-site, www.jlabaudio.com, and on www.amazon.com.  Images of the package of the Travel USB Speaker by Bytech, of the advertisement listing by Accessory Power on www.amazon.com, and of the advertisement listings by JLab from www.jlabaudio.com and www.amazon.com are attached hereto as Exhibit E.

20.     JLab's Marks are being used by Accessory Power and Electronic Express in advertisements of the infringing product.

21.     After Plaintiffs became aware of sales of the Travel USB Speaker by Accessory Power, on July 30, 2010, Rosenfield contacted Robert Breines, the owner of Accessory Power, to make Robert Breines aware of the '168 patent.

22.     Shortly thereafter, Rosenfield and Robert Breines had a telephone conversation discussing the notice of infringement of the '168 patent.

23.     Accessory Power, by using, offering for sale and selling the Travel USB Speaker product in the United States, has infringed and continues to infringe the '168 patent.

24.     Accessory Power, by using the Marks in offering for sale and selling the infringing device, has infringed and continues to infringe the Marks.

25.     Electronic Express by using, offering for sale and selling a product covered by the '168 patent has infringed and continues to infringe the '168 patent.

26.     Electronic Express, by using the Marks in offering for sale and selling the infringing device, has infringed and continues to infringe the Marks.

27.     Bytech, by making and/or importing, using, offering for sale and selling the Travel USB Speaker product in the United States, has infringed and continues to infringe the '168 patent.

28.     Accessory Power, Bytech, and Electronic Express have purposefully directed their infringing activities at this forum by offering to sell infringing products in Arizona, both directly and through established distribution channels.

## COUNT I

## CLAIM FOR INFRINGEMENT OF THE '168 PATENT

29.     Rosenfield and JLab reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 28.

30.     By making and/or importing, using, selling, and/or offering for sale the Travel USB Speaker in the United States, Defendants are infringing the claim of the '168 patent under 35 U.S.C. § 271(a).

31.     Defendants' infringement has continued and will continue unless enjoined by this Court.

32.     As a result of Defendants' infringement, Rosenfield and JLab have suffered substantial injury, including lost sales and profits, for which Rosenfield and JLab are entitled to damages adequate to compensate for Defendants' infringement.

33.     In the alternative, Rosenfield and JLab are entitled to a reasonable royalty to compensate for Defendants' infringement.

34.     Further, as to Defendant Accessory Power, it was put on notice of the existence of the '168 patent and the infringing nature of the Accessory Genie product. Despite actual notice of the '168 patent, Accessory Power has continued to use, sell, offer for sale and support the infringing product.

35.     Because Plaintiffs' product is clearly marked with Plaintiffs' patent number, Defendants' infringement is deemed to be intentional, willful, and with a reckless disregard for the rights of Rosenfield and JLab.

36.     Defendants' infringement warrants the assessment of increased damages pursuant to 35 U.S.C. § 284, and an awarding of attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II

## FALSE DESIGNATION OF ORIGIN

## (LANHAM ACT § 43(a), 15 U.S.C. § 1125)

37.     The allegations of paragraphs 1-36 are incorporated by reference as if fully set forth herein.

38.     Plaintiffs have used the Marks for the sale of a computer speaker for at least four years throughout the state of Arizona and elsewhere.   Plaintiffs continuously and extensively used and promoted the Marks during this time and have developed substantial goodwill in the Marks.

39.     Accessory Power and Electronic Express deliberately used, and are currently using JLab's Marks in connection with the promotion and sales of the Travel USB Speaker.

40.     Accessory Power and Electronic Express were not authorized to use JLab's Marks in any fashion.

41.     Despite being on notice of JLab's preexisting rights in JLab's Marks to promote and sell computer speaker devices, Accessory Power and Electronic Express have continued their unauthorized use of JLab's Marks in connection with the promotion and sales of computer speaker devices.

42.     Accessory Power's and Electronic Express' use of JLab's Marks, or marks that are confusingly similar to JLab's Marks, in connection with the promotion and sale of computer speakers has confused, and will continue to confuse, mislead, or deceive consumers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of the Defendants' products and services in violation of 15 U.S.C. § 1125(a).

43.     Accessory Power's and Electronic Express' use of designations as trademarks that are confusingly similar to JLab's Marks in connection with the promotion and sale of computer speakers has confused, and will continue to confuse, mislead, or deceive consumers, to erroneously believe that the Defendants' services have been

authorized, sponsored, approved, endorsed, or licensed by Plaintiffs, or that the Defendants are in some way affiliated with Plaintiffs.

44. By reason of Accessory Power's and Electronic Express' use of designations, whether as trademarks or trade names, that are confusingly similar to JLab's Marks in connection with the promotion and sale of computer speakers, Plaintiffs have suffered irreparable harm through loss of current and future customers.

45. As a consequence of Accessory Power's and Electronic Express' use of designations as trademarks that are confusingly similar to JLab's Marks in connection with the promotion and sale of computer speakers, Plaintiffs have suffered damages in an amount to be proven at trial.

46. Monetary damages will not afford full and adequate relief for all of Plaintiffs' injuries resulting from Accessory Power's and Electronic Express' use of designations as trademarks that are confusingly similar to JLab's Marks in connection with the promotion and sale of computer speakers, and therefore, Plaintiffs are entitled to injunctive relief under 15 U.S.C. §§ 1116 and 1118.

47. If not enjoined by this Court, Accessory Power and Electronic Express will continue to infringe JLab's Marks.

48. Accessory Power and Electronic Express have knowingly used designations whether as trademarks or trade names that are confusingly similar to JLab's Marks in connection with the promotion and sale of computer speakers, and therefore, this case is exceptional within the meaning of 15 U.S.C. § 1117(a), entitling Plaintiffs to recover three times the amount of damages and recover their reasonable attorneys' fees.

1

## **REQUEST FOR RELIEF**

2       WHEREFORE Plaintiffs respectfully request judgment and relief against

3 Defendants as follows:

4       A.     A judgment that Defendants have infringed the '168 patent;

5       B.     That Defendants, their subsidiaries, affiliates, parents, successors,

6 assignees, officers, agents, servants, employees, and all persons acting in concert or in

7 participation with them, or any of them, be permanently enjoined from infringing,

8 contributing or inducing to the infringement of the '168 patent and specifically from

9 directly or indirectly making, using, marketing, advertising, offering for sale, importing,

10 or selling and distributing products embodying the claimed invention of the '168 patent

11 without express written authority of Plaintiffs, and that Defendants be ordered to deliver

12 to Plaintiffs for destruction at Plaintiffs' option, the entire inventory of products that

13 infringe or contribute to the infringement of the '168 patent;

14       C.     Awarding Plaintiffs damages adequate to compensate for willful and

15 knowing infringement of the '168 patent, but in no event less than a reasonable royalty on

16 Defendants' use of the infringed invention;

17       D.     Awarding pre-judgment interest on any damages award;

18       E.     Adjudging infringement of the '168 patent by the Defendants is

19 willful, and increasing the Defendants' liability for damages up to three times the amount

20 found or assessed;

21       F.     Declaring that this is an exceptional case under 35 U.S.C. § 285, and

22 for an award of increased damages, attorneys' fees, and costs;

23       G.     Declaring that the Defendants' trademarks and instructional text used

24 to promote the sale of computer speakers are confusingly similar or taken verbatim from

25 JLab's Marks or product packaging;

26       H.     Temporarily, preliminarily and permanently enjoining, restraining

27 and forbidding the Defendants and their officers, directors, partners, agents,

28 representatives, shareholders, employees, affiliates and all others acting in concert with

1  the Defendants, from using JLab's Marks and/or any modification and colorable imitation

2  thereof and any text, mark or name confusingly similar thereto, as a trademark, service

3  mark, trade name, fictitious name or domain name, to promote and sell computer

4  speakers;

5      I.   Temporarily, preliminarily and permanently enjoining, restraining

6  and forbidding the Defendants and their officers, directors, partners, agents,

7  representatives, shareholders, employees, affiliates and all others acting in concert with

8  the Defendants, from applying for or maintaining any federal, state, foreign or

9  international trademark, service mark, business name, trade name or domain name

10  registrations or text for JLab's Marks or any variations thereof; and ordering the

11  Defendants to immediately abandon any such applications or registrations that may exist,

12  with written notification given to the U.S. Patent and Trademark Office and U.S. Domain

13  Name Registrar in the case of federal applications, and to the appropriate governing

14  bodies for any state, foreign or international applications;

15      J.   Awarding financial remedies in an amount to be proved at trial, and

16  trebling the amounts, in accordance with 15 U.S.C. § 1117;

17      K.   Ordering an accounting by the Defendants of any profits, gains and

18  advantages derived in any way from their wrongful acts;

19      L.   Awarding Plaintiffs any amount by which the Defendants have been

20  unjustly enriched as a result of their wrongful acts;

21      M.   Awarding Plaintiffs costs incurred herein and reasonable attorneys'

22  fees incurred in connection with this action;

23      N.   Awarding Plaintiffs interest on the foregoing fees and costs at the

24  highest rate permitted by law from the date of judgment herein until paid; and

25      O.   Awarding such other and further relief as the Court deems to be just

26  and proper.

27

28

1

## **DEMAND FOR A JURY TRIAL**

2       The Plaintiffs, Rosenfield and JLab, hereby demand a trial by jury in this action on

3  all claims and issues triable before a jury.

4       RESPECTFULLY SUBMITTED this 25th day of August, 2010.

5                              QUARLES & BRADY LLP
                              One South Church Avenue, Suite 1700
6                              Tucson, Arizona 85701-1621

7

8                              By  s/Deanna Conn_____
                                  Deanna Conn
9                                  Dale Regelman

10                             Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28